# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| PARIS A. ARTIS | * |
| Plaintiff | * |
| v. | * Civil No. PJM 18-2575 |
| T-MOBILE USA, INC., *et al.* | * |
| Defendants | * |

## **MEMORANDUM OPINION**

Plaintiff Paris A. Artis ("Artis"), *pro se*, filed this action in the Circuit Court for Prince George's County, Maryland on April 27, 2018 against Defendants T-Mobile USA, Inc. ("T-Mobile") and Receivables Performance Management, Inc. ("RPM"). RPM filed a Notice of Removal to this Court on August 20, 2018 (ECF No. 1). Artis has filed a Motion to Remand the case to the Circuit Court for Prince George's County (ECF No. 8). For the following reasons, the Motion is **DENIED**.

## I.

This action arises out of a debt that Artis allegedly owes to T-Mobile that T-Mobile retained RPM to collect. ECF No. 1-3 at ¶¶ 1–5. At some point in time prior to the beginning of this case, Artis was a customer of T-Mobile, but he alleges he "canceled his account . . . due to lousy and non-responsive service." *Id.* at ¶ 11. Artis says he "paid his bill in full, with due prorated reimbursement, at the time of cancellation." *Id.* However, he claims that after he canceled his account, T-Mobile "continued to send billings to [him] and added on charges for 'unreturned equipment.'" *Id.* at ¶ 13. According to the Complaint, T-Mobile purportedly

1

retained RPM to collect Artis's debt, and that RPM incorrectly informed credit bureaus that Artis owed T-Mobile $569.00 in unpaid charges on his account. *Id.* at ¶¶ 4, 15.

In his Complaint before the Circuit Court for Prince George's County, Maryland, Artis claimed Defendants violated the Maryland Consumer Protection Act, the Maryland Consumer Debt Collection Act, and committed various common law transgressions. He named both T-Mobile and RPM as Defendants, stating that they "are believed to be interstate companies whose licenses to conduct business within the State of Maryland is [sic] unknown but which status is demanded to be made known to Plaintiff." *Id.* at ¶ 10. On or about June 29, 2018, Artis served a copy of the Summons and Complaint by certified mail on David Abadir, Corporate Counsel for Legal Affairs for T-Mobile, and upon Mark T. Case, General Counsel for RPM. ECF No. 8-3. Both individuals were served at addresses in Washington State. *Id.* at 3. Copies of the Summons and Complaint served by Artis were noted as received on July 2, 2018. ECF No. 8-4.

On August 7, 2018, Artis filed a Notice of Voluntary Dismissal of Defendant T-Mobile in the Circuit Court case. ECF No. 9-1. On August 20, 2018, RPM, as the only remaining Defendant in the case, removed the case to this Court on the basis of diversity of citizenship jurisdiction. ECF No. 1.

On September 14, 2018, Artis filed the present Motion to Remand the case to Circuit Court, arguing that RPM's removal was untimely. ECF No. 8. RPM filed its Opposition on September 28, 2018, ECF No. 9, and Artis filed his Reply on October 12, 2018. ECF No. 10.

**II.**

Generally, a notice of removal must be filed within the shorter period of either "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or "30 days after

the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). However, if the initial pleadings in the case do not suggest, on their face, that the case is removable, the thirty-day-period for removal may be delayed until the defendant has received, through appropriate service or otherwise, "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The thirty-day window for removal begins when grounds for removal first appear "within the four corners of the initial pleading" or in subsequent documents. *Lovern v. General Motors Corp.*, 121 F.3d 160, 162–63 (4th Cir. 1997). Courts rely on the facial allegations in the pleadings and other documents to determine when grounds for removal become apparent, since an inquiry into the defendant's subjective knowledge "could degenerate into a mini-trial." *Id.* The facial grounds for removal may be based on "'any information received by the defendant, whether communicated in a formal or informal manner.'" *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l, LLC*, 865 F.3d 181, 186–87 (4th Cir. 2017) (quoting *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)). Therefore, removal is timely if effected within thirty days of ascertaining grounds for removal. *See Lovern*, 121 F.3d at 163 (holding that removal was timely, even though defendant removed the case eighty-eight days after service of the complaint, because defendant removed within thirty days of receiving documents that established the complete diversity of citizenship between the parties).[1]

---

[1] A defendant may waive or lose the right to remove a case to federal court if it "takes some substantial offensive or defensive action in the state-court action, indicating a willingness to litigate in the state tribunal, before filing a notice of removal with the federal court." 14C Charles Alan Wright and Arthur Miller, Federal Practice and Procedure, § 3721 (Rev. 4th ed. 2018); *see also Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) ("A defendant may waive the right to remove by taking some . . . substantial defensive action in the state court *before* petitioning for removal.") (emphasis in original); *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 542 (D. Md. 2012) (holding that finding a waiver of the right to remove "tends to require 'some further

**III.**

RPM removed this case to federal district court based on diversity jurisdiction, asserting that Artis was a citizen of Maryland, RPM was a citizen of the State of Washington, and the amount in controversy requirement was satisfied by the amount in damages Artis is seeking. *See* ECF No. 1 at 2. The only subject matter jurisdiction that the Court could exercise over the case is based on the diversity of the parties, pursuant to 28 U.S.C. § 1332, because the Complaint only alleges violations of Maryland state law and common law, not federal law. *See* ECF No. 1-3. Diversity jurisdiction requires that the parties be completely diverse—no defendant may be a citizen of the same state as any plaintiff, and no defendant may be a citizen of the forum state. *See Hughes v. Wells Fargo Bank, N.A.*, 617 Fed. Appx. 261, 263 (4th Cir. 2015) (citing *Lincoln Prop. Co. v. Roche*, 564 U.S. 81, 89 (2005)).

For the purposes of determining jurisdiction based on diversity of citizenship, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," except in direct actions against an insurer. 28 U.S.C. § 1332(c)(1). In a case with multiple defendants, a defendant who is not resident in the forum state cannot remove an action to federal court if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of whether the plaintiff has served the co-defendant. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).

Artis argues that the thirty-day period for RPM to remove this case to federal court began to run on July 2, 2018, when both T-Mobile and RPM received a copy of the Complaint and

---

action by the defendant [in the state court] that results in a decision [by that court] on the merits of the case.'" (quoting *Sayre Enters., Inc. v. Allstate Ins. Co.*, 448 F. Supp. 2d 733, 736–37 (W.D. Va. 2006))). Because RPM did not file any pleadings or motions in the state court proceeding in the Circuit Court for Prince George's County, let alone make an appearance in that court, it has likely not waived its right of removal.

Summons by certified mail. Because RPM did not remove the case until August 20, 2018, well after thirty days had elapsed since receiving the Complaint and Summons, Artis asserts that RPM's removal was untimely. The Court disagrees.

At the time RPM's counsel received a copy of the Complaint and Summons, T-Mobile was a co-Defendant in the case, and the facial allegations in the Complaint did not establish the citizenship of T-Mobile. While the Complaint states that Artis is a resident of "Maryland and Florida," ECF No. 1-3 at ¶ 9, the Complaint offers no clues as to the citizenship of either RPM or T-Mobile, besides noting that they are "interstate companies whose licenses to conduct business within the State of Maryland [are] unknown." *Id.* at ¶ 10. On the basis of the Complaint, at any rate, RPM was not on notice whether T-Mobile was a citizen of Maryland—which would have precluded removal of the case to federal court based on the lack of complete diversity. Complete diversity of citizenship of the parties became apparent only after Artis voluntarily dismissed T-Mobile from the case on August 7, 2018, because at that point RPM would know, as sole Defendant, that it was not a citizen of Maryland, but of Washington, and that complete diversity therefore existed. Accordingly, RPM's removal of the case was timely because it filed a Notice of Removal on August 20, 2018, well within the thirty-day window for removal.[2]

---

[2] RPM also argues that removal was timely because deficient service of the Complaint and Summons by Artis tolled the thirty-day period for removal. Under Maryland Rules, service on a corporation is made by serving its "resident agent, president, secretary, or treasurer." Md. Rule 2-124(d). If the corporation has no registered agent, and the plaintiff has made a "good faith attempt" but failed to serve the eligible corporate officers enumerated in the Rule, "service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.* RPM claims that service by Artis was deficient because Artis served RPM's registered agent in the State of Washington, even though RPM had a registered agent located in Maryland, and Artis did not serve one of RPM's eligible corporate officers, nor made a "good faith attempt" to do so before serving another corporate officer. ECF No. 9 at 3–5. But, regardless of whether service by Artis was proper, for the reasons just suggested, the Complaint served on RPM still would not have facially established grounds for removal. Because the Court holds that the thirty-day period for removal did not begin until Artis voluntarily dismissed T-Mobile from the case on August 7, 2018, the Court finds it unnecessary to determine whether service on T-Mobile and RPM on July 2, 2018 was proper.

## IV.

For the foregoing reasons, Artis's Motion to Remand, ECF No. 8, is **DENIED**. Artis shall have fourteen (14) days from the date of this Opinion to file a response to RPM's Motion to Dismiss, ECF No. 4. RPM will then have fourteen (14) days from the date that Artis files his response to file a Reply.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 14, 2019**