# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Southern Division

| | | |
|---|---|---|
| **PARIS A. ARTIS** | * | |
| Plaintiff | * | |
| v. | * | Civil No. PJM 18-2575 |
| **T-MOBILE USA, INC.,** *et al.* | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Plaintiff Paris A. Artis ("Artis"), *pro se*, filed this action in the Circuit Court for Prince George's County, Maryland against Defendants T-Mobile USA, Inc. ("T-Mobile") and Receivables Performance Management, Inc. ("RPM"). On August 7, 2018, Artis filed a Notice of Voluntary Dismissal of Defendant T-Mobile in the Circuit Court case. ECF No. 9-1. Since removing the case to this Court, RPM has filed a Motion to Dismiss pursuant to Rule 12(b)(6), failure to state a claim upon which relief may be granted (ECF No. 4).

For the following reasons, the Motion is **GRANTED WITHOUT PREJUDICE**, and Artis will have thirty (30) days to file an Amended Complaint pleading facts sufficient to support his claims.

**I.**

In its Memorandum Opinion of February 14, 2019, ECF No. 11, the Court recites the factual background and procedural history of the case. This Opinion will only restate the facts alleged in Artis's Complaint relevant to RPM's Motion to Dismiss.

The case derives from a debt Artis allegedly owes to T-Mobile that T-Mobile retained RPM to collect. ECF No. 1-3 at ¶¶ 1–5. Artis alleges that Defendants "initiated collection activities . . . by using improper and deceptive characterizations of unliquidated and non-judicially determined claims" and "violated and failed to comply with the required debt collection processes and procedures" under both federal and state laws. *Id.* at ¶¶ 2, 4.

At some point prior to the beginning of this case, Artis was a customer of T-Mobile, but he alleges that he "canceled his account . . . due to lousy and non-responsive service." *Id.* at ¶ 11. Artis says he "paid his bill in full, with due prorated reimbursement, at the time of cancellation." *Id.* However, he claims that after he canceled his account, T-Mobile "continued to send billings to [him] and added on charges for 'unreturned equipment.'" *Id.* at ¶ 13. According to the Complaint, T-Mobile purportedly retained RPM to collect Artis's debt, and that RPM incorrectly informed credit bureaus that Artis owed T-Mobile $569.00 in unpaid charges on his account. *Id.* at ¶¶ 4, 15. In his Complaint, Artis claims that RPM (and T-Mobile) violated the Maryland Consumer Protection Act, the Maryland Consumer Debt Collection Act, and committed various common law transgressions.

RPM removed the case to this Court on the basis of diversity of citizenship jurisdiction. ECF No. 1. On September 14, 2018, Artis filed a Motion to Remand the case to Prince George's County Circuit Court, arguing that RPM's removal was untimely. ECF No. 8. After RPM filed its Opposition and Artis filed his Reply, the Court denied the Motion to Remand on February 14, 2019. ECF No. 11

The Court gave Artis fourteen days to file an Opposition to RPM's Motion to Dismiss and RPM fourteen days thereafter to file a Reply. After the Court granted a Consent Motion to Extend, Artis filed an Opposition to RPM's Motion to Dismiss on March 7, 2019. ECF No. 15.

But instead of using his Opposition to rebut the claims in RPM's Motion to Dismiss, Artis simply submitted that his Complaint is "sufficient in substance" and asks the Court for permission to file an Amended Complaint to clarify the claims in the Complaint and to add certain federal claims. *See id.* RPM filed a Reply on March 21, 2019. ECF No. 17.

## II.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards" that require a plaintiff to submit only a "short and plain statement of the claim showing that [he] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). The plaintiff's statement must contain facts sufficient to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires that the plaintiff plead facts sufficient to show by "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept the plaintiff's factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments" do not satisfy the plausibility pleading standard. *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

Federal Rule of Civil Procedure 9(b) requires that a party "alleging fraud or mistake" must plead "with particularity the circumstances constituting fraud or mistake." The certain "circumstances" of a fraud or mistake claim that must be plead with particularity are the "time,

place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *See Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation marks omitted). Lack of compliance with the heightened pleading standard for claims of "fraud or mistake" is grounds for dismissal for failure to state a claim. *See Smith v. Clark/Smoot/Russell*, 796 F.3d 424, 432 (4th Cir. 2015) (citing *Harrison*, 176 F.3d at 783 n.5).

Federal courts have an "obligation to liberally construe a *pro se* [c]omplaint" and may consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss. *See Rush v. Am. Home Mortg., Inc.,* 2009 U.S. Dist LEXIS 112530, at *11-12 (D. Md. Dec. 3, 2009). However, this requirement "does not transform the court into an advocate," *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted), and "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)). Although the facts alleged in a *pro se* plaintiff's complaint must ordinarily be taken as true, mere conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

### III.

RPM moves to dismiss this case on the grounds that Artis has failed to plead facts sufficient to support a plausible claim for any of the five counts named in his Complaint. For the

4

following reasons, the Court agrees, but will grant Artis leave to amend his Complaint in order to allow him to address the various factual deficiencies.

A.

The first count in Artis's Complaint alleges that RPM violated the Maryland Consumer Protection Act ("MCPA"), which prohibits "unfair" and "deceptive" trade practices in, among other activities, the "extension of consumer credit." Md. Code Ann. Com. Law § 13-303(4). Specifically, Artis alleges that RPM violated the MCPA by making "[f]alse, falsely disparaging, or misleading" representations about the debt he allegedly owed T-Mobile, which had the "capacity, tendency, or effect of deceiving or misleading consumers," as well as "fail[ing] to state a material fact if the failure deceives or tends to deceive." *Id.* at § 13-301(1), (3); ECF No. 1-3 at ¶ 17.

False statement and misrepresentation claims arising under the MCPA are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Spaulding*, 714 F.3d at 781; *Marshall v. James B. Nutter & Co.*, 816 F. Supp. 2d 259, 266–67 (D. Md. 2011). However, the heightened pleading standard of Rule 9(b) does not apply to MCPA claims based on the omission of material facts. *See Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 490–91 (D. Md. 2006). To prevail on an MCPA claim, a plaintiff must demonstrate that the alleged misrepresentation or omission was material and that the plaintiff relied on it: that is, that the misrepresentation "substantially induce[d] a consumer's choice," or that it is "substantially likely that the consumer would not have made the choice in question" had the omitted information been disclosed. *See Bank of America, N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 533–35 (D. Md. 2011). Additionally, a plaintiff bringing a private cause of action under the MCPA must demonstrate an "actual loss or injury." *See Marchese v. JPMorgan*

*Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013) (citing *Citaramanis v. Hallowell*, 328 Md. 142, 613 A.2d 964, 971 (Md. 1992)).

Artis has failed to plead facts sufficient to establish a plausible claim of either misrepresentation or omission under the MCPA. He alleges that RPM "repeatedly claimed and reported to credit bureaus and otherwise" that he owed T-Mobile a debt of $569.00 and continued to report the alleged debt "in full disregard of repeated denials" by Artis. ECF No. 1-3 at ¶¶ 15 (a), (e). While the Complaint identifies an alleged misrepresentation, it lacks any specifics. To plead a plausible claim of misrepresentation, the Complaint would at least have to make an effort to reference "the time, place, and contents" of any specific instances when RPM reported the alleged debt to credit agencies, pursuant to the heightened pleading standards required by Federal Rule of Civil Procedure 9(b). For an omission claim under the MCPA, Artis would have to plead specific facts showing the material fact RPM failed to state as a means of deceiving him, as well as evidence that he relied on that omission to his detriment. Furthermore, the Complaint does not show how the misrepresentation "substantially" caused Artis to suffer an "actual loss or injury." Until these factual deficiencies are corrected, Artis has failed to plead plausible claims for either misrepresentation or omission under the MCPA.

**B.**

The second count in Artis's Complaint alleges that RPM violated the Maryland Consumer Debt Collection Act ("MCDCA"), which states that a debt collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann. Com. Law § 14-202(8). Actions brought pursuant to the MCDCA are also subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Brooks v. Cama Self Directed IRA, LLC*, Civil No. JKB-18-2299, 2019 WL 418412, at *10 (D. Md. Jan. 31, 2019).

To prevail on a claim under the MCDCA, a plaintiff must establish that a defendant "acted with knowledge as to the *invalidity* of the debt." *See Stewart v. Bierman*, 859 F. Supp. 2d 754, 769 (D. Md. 2012) (emphasis in original). A plaintiff can satisfy the "knowledge" requirement of the MCDCA by demonstrating that the defendant acted either with actual knowledge of the invalidity of the debt or with "reckless disregard as to the falsity of the existence" of the debt. *See Marchese*, 917 F. Supp. 2d at 463 (citing *Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471. 475 (D. Md. 2004)) (internal quotation marks omitted). "To establish reckless disregard, a plaintiff must show the defendant either (1) made the statement with a high degree of awareness of . . . probable falsity; or (2) actually entertained serious doubts as to the truth of the statement." *Allen v. Bank of America Corp.*, Civil No. CCB-11-33, 2011 WL 3654451, at *9 (D. Md. Aug. 18, 2011) (quoting *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 598 (D. Md. 1999)) (internal quotation marks omitted).

As it stands, the Complaint fails to plead these elements to support an MCDCA claim, instead merely reciting the statutory language to the effect that Artis "suffered damage to his credit and financial status and reputation," and asserting that RPM's conduct was "wanton, willful and with total disregard for [Artis's] rights and relationships." *See* ECF No. 1-3 at ¶¶ 21–24. To sustain a plausible claim, Artis will have to plead facts showing either that RPM actually knew that he had satisfied his debt to T-Mobile or that RPM recklessly disregarded evidence that he had cleared his debt, yet still sought to collect it from him. Artis would also have to plead facts showing the "time, place, and contents" of RPM's actual or constructive knowledge of the falsity or invalidity of his debt to T-Mobile, under the pleading standards of Rule 9(b). Until Artis's Complaint is amended to plead the above facts, his MCDCA claim remains deficient.

## C.

The third count in Artis's Complaint alleges that RPM committed libel and slander by stating that he "owed or sought to avoid payment of a legitimate and valid debt." ECF No. 1-3 at ¶ 26. "Under Maryland law, to establish a *prima facie* case of defamation, a plaintiff must establish that (1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 365 (D. Md. 2017) (citing *Gohari v. Darvish*, 363 Md. 42, 767 A.2d 321, 327 (Md. 2001)). A "defamatory statement" is one "which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Doe*, 274 F. Supp. 3d at 365 (quoting *Gohari*, 767 A.2d at 327) (internal quotation marks omitted). Such a "defamatory statement" is "false" if the statement was "not substantially correct." *Piscatelli v. Van Smith*, 424 Md. 294, 35 A.2d 1140, 1147 (Md. 2012).

Again, the Complaint pleads legal conclusions but without the requisite factual support. Artis has identified RPM's allegedly defamatory statements that he did not satisfy his debt to T-Mobile, as well as a harm he allegedly suffered, i.e., "damage to his credit and financial status and reputation." ECF No. 1-3 at ¶ 28. However, the Complaint lacks facts essential to a plausible defamation claim: (1) clarification that a false debt report would be defamatory by exposing a person to "public scorn, hatred, contempt, or ridicule" such that other members of the community would be discouraged from associating with that person; (2) evidence that RPM's reporting on Artis's alleged debt was "not substantially correct," such as documentation that

8

Artis had actually satisfied the debt; and (3) evidence that RPM was "legally at fault" for reporting on Artis's debt that it knew or should have known was invalid.

Until Artis files an Amended Complaint pleading facts sufficient to support all elements of common law defamation, he has not pled a plausible defamation claim.

**D.**

The fourth count in Artis's Complaint alleges that RPM committed common law misrepresentation and fraud. In order to recover damages in an action for fraud or deceit, a plaintiff must prove

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Moscarillo v. Prof'l Risk Mgmt. Servs., Inc.*, 398 Md. 529, 921 A.2d 245, 254 (Md. 2007) (citing *Nails v. S&R*, 334 Md. 398, 639 A.2d 660, 668–69 (Md. 1994)).

The plaintiff must establish that the false representation is "of a material fact." *Gross v. Sussex, Inc.*, 332 Md. 247, 630 A.2d 1156, 1161 (Md. 1993). A fact is material if it is "one on which a reasonable person would rely in making a decision," *Sass v. Andrew*, 152 Md. App. 406, 832 A.2d 247, 260 (Md. Ct. Spec. App. 2003), or one that "'the maker of the misrepresentation knows . . . [the] recipient is likely to regard . . . as important.'" *Gross*, 630 A.2d at 1161 (citation omitted). Additionally, the defendant must misrepresent information to the plaintiff "with the deliberate intent to deceive," *Sass*, 832 A.2d at 260 (citing *VF Corp. v. Wrexham Aviation Corp.*, 350 Md. 693, 715 A.2d 188, 193 (Md. 1998)), and the defendant must "know[ ] that his representation is false" or be "recklessly indifferent in the sense that he knows that he lacks

knowledge as to its truth or falsity." *Ellerin v. Fairfax Sav., F.S.B.*, 337 Md. 216, 652 A.2d 1117, 1125 (Md. 1995).

Even incorporating the allegations plead in preceding counts, the Complaint does not plead a plausible claim of common law fraud, since it does not contain sufficient allegations to support its legal conclusions. Of the elements for a common law fraud claim, the Complaint, at best, pleads only the first: that RPM made a false representation to Artis when it informed him that he allegedly owed a debt to T-Mobile. However, the Complaint does not sufficiently allege that RPM knew or was recklessly indifferent to the invalidity of Artis's debt to T-Mobile, nor that RPM misrepresented Artis's debt to T-Mobile with the intent of defrauding him of the amount he allegedly owed. Additionally, while the Complaint intimates that RPM sought to harm Artis by seeking to collect on an invalid debt, it does not plead those allegations with sufficient specificity to support a plausible fraud claim. Nor does the Complaint, insofar as possible, identify the specific "time, place, and contents" of RPM's alleged fraud as prescribed by Rule 9(b).

Instead, the Complaint contains generalized allegations that merely state legal conclusions, such as that RPM's conduct was "in contravention of the common law of Maryland" and was "knowing and calculated for its own financial purposes, in disregard of the rights of [Artis]." ECF No. 1-3 at ¶¶ 31–32. Until these allegations are augmented with sufficient facts, such as those identified in the preceding paragraph, the Complaint will not have pled a plausible claim of common law fraud.

E.

In the fifth count of Artis's Complaint, he requests declaratory and injunctive relief to enjoin RPM from collecting the alleged debt. However, both a declaratory judgment and an

10

injunction are remedies, not independent claims themselves. Accordingly, a federal district court may not issue a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, or an injunction under Federal Rule of Civil Procedure 65 absent an independent basis for jurisdiction. *See Univ. Garden Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 742 (D. Md. 2006) (citing *Delavigne v. Delavigne*, 530 F.2d 598, 601 (4th Cir. 1976)). Since declaratory and injunctive relief are remedies unavailable to plaintiffs under both the MCPA and the MCDCA, *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 733 (D. Md. 2011), and because Artis has failed to plead plausible claims of common law defamation and fraud, there is no basis for the Court to grant his request for declaratory and injunctive relief.

**IV.**

For the foregoing reasons, RPM's Motion to Dismiss, ECF No. 4, is **GRANTED WITHOUT PREJUDICE**.[1] Artis shall have thirty (30) days from the date of this Opinion to file an Amended Complaint.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**March 29, 2019**

---

[1] There is some indication that, since the initiation of this action, Artis has moved his primary residence from the state of Maryland. In his proposed Amended Complaint, Artis states that he "departed his Maryland residence shortly after the cancellation or communicated intent to T-Mobile" and moved to "his preexisting primary residence in Florida." *See* ECF No. 17 at ¶ 5 (quoting ECF No. 15, Am. Compl. at ¶ 9) (internal quotation marks omitted). However, if the events underlying Artis's claims occurred within the District of Maryland, then it is an appropriate venue for this case should he file an Amended Complaint. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). In any event, if Artis's residence was in Maryland when he first filed, which it appears to have been, his choice of residence thereafter would not destroy diversity. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (holding that the question of whether federal diversity of citizenship jurisdiction exists is answered by determining the citizenship of the parties at the time an action is filed).