IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PARIS ARTIS, | * | |
| Plaintiff, *pro se*, | * | |
| v. | * | Civil No. **PJM 18-2575** |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Paris A. Artis, *pro se*,[1] filed this action in the Circuit Court for Prince George's County, Maryland against T-Mobile USA, Inc. and Receivables Performance Management, Inc. ("RPM"). ECF No. 1.[2] RPM removed the case to this Court on diversity grounds. *Id.*

For the following reasons, RPM's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED WITHOUT PREJUDICE.**

### I.

The action arises out of a debt that Artis allegedly owes to T-Mobile that T-Mobile retained RPM to collect. ECF No. 21 at ¶¶ 1–5. Prior to suit, Artis was a customer of T-Mobile, but alleges he "canceled his account . . . due to lousy and non-responsive service." *Id.* at ¶ 11. Artis says he "paid his bill in full, with due prorated reimbursement, at the time of cancellation." *Id.* However, he claims that after he canceled his account, T-Mobile "continued to send billings to [him] and added on charges for 'unreturned equipment.'" *Id.* at ¶ 13. According to his Amended Complaint,

---

[1] Though Artis is proceeding *pro se* in this case, RPM believes he may be a formerly licensed attorney in the State of Maryland and the District of Columbia. ECF No. 32.
[2] Artis voluntarily dismissed T-Mobile as a defendant while the case was in the Circuit Court for Prince George's County.

1

T-Mobile purportedly retained RPM to collect Artis's debt, and RPM incorrectly informed credit bureaus that Artis owed T-Mobile $569.00 in unpaid charges on his account. *Id.* at ¶¶ 14, 15.

Artis claims that at the time of receiving the phone service, he resided in Maryland, though his primary residence was Florida. *Id.* at ¶ 9. He concedes, however, that he departed his Maryland residence and cancelled his service while in a Florida store. *Id. at* ¶ 7. Either shortly before or after he cancelled the service, he moved his personal property from Maryland to his primary residence in Florida. *Id.* at ¶ 9.[3] He alleges, however, that the "communications complained of were made both in Maryland and the State of Florida," though he does not specify which, if any, communications were made in Maryland. *Id.* at ¶ 7.

RPM is domiciled and a registered corporation in the State of Washington. ECF No. 22-1 at 2.

After the case came to this Court, and after the Court denied Artis's Motion to Remand, ECF No. 12, it granted RPM's Motion to Dismiss, and gave Artis 30 days to file an Amended Complaint, ECF No. 19. Artis filed an Amended Compliant, ECF No. 21, and RPM filed a Motion to Dismiss for Lack of Jurisdiction based on the new allegations and facts pled, or in the alternative, for Failure to State a Claim, ECF No. 22. Artis responded in Opposition, ECF No. 27, and RPM replied, ECF No. 28. On November 15, 2019, the Court issued a Memorandum Order granting RPM 30 days to take limited discovery of Artis in order to oppose the Court's jurisdiction over it.

---

[3]In his original Complaint filed in state Court, Artis alleged that he was a resident of both Maryland and Florida at "the time herein concerned," and that RPM directed its actions towards him in Maryland. ECF No. 1-3 ¶¶ 4, 9. Only in his Amended Complaint did Artis state that he had moved to Florida and allege that communications from RPM were sent to his address in Florida and directed to him in that State. Though failure to raise lack of personal jurisdiction in the first responsive pleading generally means the defense is waived, when there is an amended complaint, "an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading." *Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974). The question, then, is whether "there were new facts or legal claims in the new complaint that made a previously unavailable defense available." *Seidel v. Kirby*, 296 F. Supp. 3d 745, 749 (D. Md. 2017). The Court finds that there were new facts in the amended complaint that made this defense available.

ECF No. 30. On December 27, 2019, the Court requested a status report from the Parties. ECF No. 31. In its Status Report dated January 3, 2020, RPM stated that it had not deposed Artis regarding the issue of jurisdiction since it believes it is Artis's burden to establish jurisdiction and that he has not met that burden. ECF No. 32. Artis also submitted a Status Report, albeit a late one, on February 3, 2020. ECF No. 33.

## II.

RPM has moved to dismiss the case for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

"When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). While discovery and an evidentiary hearing are not required to resolve a motion under Rule 12(b)(2), if the court decides not to hold an evidentiary hearing and rule on the papers, a plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir.2009). Furthermore, "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Maryland, Inc.*, 334 F.3d at 396.

For "a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Id.*

3

Maryland's long-arm statute allows a district court to exercise personal jurisdiction over a nonresident defendant if it finds that the defendant inter alia: (1) transacts any business or performs any character of work or service in Maryland; (2) contracts to supply goods, food, services, or manufactured products in Maryland; (3) causes tortious injury in Maryland by an act or omission in Maryland; (4) causes tortious injury in Maryland or outside Maryland by an act or omission outside Maryland if it regularly does or solicits business, engages in any other persistent course of conduct in Maryland or derives substantial revenue from goods, food, services, or manufactured products used or consumed in Maryland. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).

Under the Fourteenth Amendment, the nonresident defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). The overarching question is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Because "Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution," the "statutory inquiry merges with [the] constitutional inquiry." *Carefirst of Maryland, Inc.*, 334 F.3d at 396-97. Thus, "the two inquiries essentially become one" and the question is whether the defendant's "activities in Maryland constituted sufficient minimum contacts with Maryland such that maintenance of suit against [defendant] in Maryland comports with the demands of due process." *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 136 (4th Cir. 1996); *see also ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002).

III.

Artis alleges the Court has personal jurisdiction over RPM because his service agreement with T-Mobile was based in Maryland, he is a real estate agent licensed in Maryland, RPM's alleged actions have impacted his business in Maryland, RPM called him at a Maryland phone number, he travels to Maryland frequently, and RPM is engaged in a business that, by its nature, is interstate. Because the issue is whether this Court has specific, as opposed to general, jurisdiction over a nonresident defendant, Artis must establish RPM's contacts are specific to him. Artis has not alleged, and the Court finds no support for, the proposition that RPM has the "continuous and systematic" contacts with Maryland required for establishing general personal jurisdiction under *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984).

The Fourth Circuit has set out the considerations for determining whether specific jurisdiction exists: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc.*, 293 F.3d at 712.

To determine whether the first element, "the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State," is satisfied, courts consider such non-exclusive factors as "whether the defendant maintains offices or agents in the forum state, whether the defendant owns property in the forum state," "whether the defendant reached into the forum state to solicit or initiate business," "whether the defendant deliberately engaged in significant or long-term business activities in the forum state," "whether the parties contractually agreed that the law of the forum state would govern disputes," "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business

5

relationship," "the nature, quality and extent of the parties' communications about the business being transacted," and "whether the performance of contractual duties was to occur within the forum." *Consulting Engineers Corp.*, 561 F.3d at 278.

Nothing Artis alleges satisfies any of these factors; instead he offers up vague assertions that RPM is engaged in an interstate business, that the original account RPM was attempting to collect was a Maryland account, and that RPM contacted him at a Maryland phone number. RPM, however, argues, and Artis does not dispute, that Artis's cause of action, if any, arose after he moved to Florida. RPM also points out, and Artis does not dispute, that the three communications Artis alleges were sent to him by RPM were sent to Artis's residence in Florida.[4]

Courts generally accept that "where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the Act, suits may be brought where the debtor. . . receive[s] the communications." *Sluys v. Hand*, 831 F. Supp. 321, 324 (S.D.N.Y. 1993) (collecting cases from various Courts of Appeals that state the same); *see also Chartier v. M. Richard Epps, P.C.*, 2014 WL 4748629, at *10 (D. Md. Sept. 23, 2014) (finding that the defendant availed itself of personal jurisdiction by directing debt collection activities at a Maryland resident after finding out the individual resided in Maryland). But Artis has not alleged that he received communications in Maryland, or that RPM thought he was a Maryland resident, or indeed that it directed any of its activity towards him in Maryland. In fact, RPM argues, and Artis does not challenge, that RPM's communications were addressed and sent to Artis's residence in Florida.

Artis claims that calls were made to a Maryland phone number. But telephone conversations from an out-of-state defendant to a plaintiff that were received in that state do not

---

[4] The Court has determined that the Maryland address Artis has used throughout this proceeding is not a residential address, but rather a business address that seemingly houses a trucking company and a U-Haul company.

6

suffice to establish the defendant's minimum contacts with the forum state without something more. *See Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 354 (D. Md. 1997) (collecting cases stating this). Notably, Artis does not allege that he *received* the calls in Maryland. He merely states that the calls were made to a Maryland number which, in fact given that cell phone numbers are assigned to operate nationwide, could well have been routed to and received in Florida. Indeed, Artis does not dispute RPM's assertion that he did not receive its calls in Maryland.

The second element for determining specific jurisdiction, whether "the plaintiffs' claims arise out of those activities directed at the State," requires "that the defendant's contacts with the forum state form the basis of the suit." *Consulting Engineers Corp.*, 561 F.3d at 278–79. Again, RPM's action that forms the basis of the suit was its attempt to collect a debt from Artis, no part of which occurred in Maryland.

The third element for determining whether to exercise specific jurisdiction, i.e. due process, only comes into play if the first elements have been met, i.e., once the court "has determined that a defendant has purposefully availed itself of the privilege of doing business there." *Id.* at 279. Since the Court has determined the first two elements for specific jurisdiction have not been met, there is really no need to discuss the third element. That said, however, the Court is satisfied that, in view of Artis's sparse allegations, any exercise of personal jurisdiction over RPM would in fact offend the "traditional notions of fair play and substantial justice" as articulated in *Int'l Shoe Co.*, 326 U.S. at 316.

IV.

For the foregoing reasons, the Court **GRANTS WITHOUT PREJUDICE** RPM's Motion to Dismiss for Lack of Personal Jurisdiction.

A separate Order will **ISSUE** and the case will be **CLOSED**.

**February 26, 2020**

_____/s/_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**
